```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                      LAREDO DIVISION
```

United States District Court
Southern District of Texas
FILED
SEP 1 0 2008
Michael N. Milby, Clerk

|  |  |
|---|---|
| MARTIN VALADEZ, et al, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. L-08-22 |
| § | |
| UNITED INDEPENDENT SCHOOL § | |
| DISTRICT, et al, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment as to the claims of Martin Valadez and Elisa Valadez, individually and as guardians of Humberto Salas. (Dkt. No. 11). Defendants argue that since Humberto Salas has attained the age of eighteen, there is no longer a need for guardians or next friends in this case; that Plaintiffs Valadez cannot claim loss of consortium under Texas law; and that Plaintiffs Valadez have not shown any evidence of medical bills or loss of earning capacity for Humberto Salas's injury.

## Background

Plaintiffs allege that on December 3, 2007, Humberto Salas, a student at United High School, was socializing in the hallway of the school when Defendant Ricardo Camarillo

pushed Salas against the wall, and Camarillo and several other officers tackled him. This caused Salas, who suffers from asthma, to have trouble breathing. Plaintiffs further allege that Salas was again pushed to the ground by Camarillo on the way to the nurse's office, and that he was denied the medical attention he needed for his asthma. Plaintiffs, the in-laws of Salas, filed a complaint individually and as guardians of Salas, alleging violation of civil rights, conspiracy to violate civil rights, failure to train Officer Camarillo, failure to train the other officers involved in the dispute, assault, and intentional infliction of emotional distress.

## Guardians or Next Friends

When Plaintiff's Original Petition was filed, Humberto Salas was seventeen. He is now eighteen years old. (Dkt. No. 11, Exhibit C). Whether an individual has the capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). In Texas, a minor plaintiff must be represented by a guardian or next friend to bring suit. Kaplan v. Kaplan, 373 S.W. 2d 271, 273 (Tex. Civ. App.—Houston 1963, no writ). However, the authority of the next friend expires when the minor plaintiff reaches

the age of majority. Id. at 275. The age of majority in Texas is eighteen. TEX. CIV. PRAC. & REM CODE ANN. §129.001.

Fed. R. Civ. P. 17(a)(3) states that the court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Plaintiff's attorney is DIRECTED to confer forthwith with Salas and determine whether he wishes to continue this action, and whether he wishes to retain the same or a different attorney. On or before September 26, 2008, an amended complaint or a status shall be filed.

## Loss of Consortium

Plaintiffs Valadez ask for damages for loss of consortium of their son-in-law. Texas law has not extended consortium rights to parents of an injured child. Roberts v. Williamson, 111 S.W. 3d 113, 119 (Tex. 2003). That rule should apply *a fortiori* to guardians.

## Evidence of Medical Bills or Loss of Earning Capacity

Defendants argue that summary judgment should be granted as to Plaintiffs' claims for medical expenses and loss of income because Plaintiffs have not presented any

evidence of these. Since discovery is still open in this case, it is premature to grant summary judgment on this issue at this time. After discovery has closed, if no evidence has yet been discovered, Defendants may renew their motion for summary judgment on this issue.

Conclusion

Defendants' Motion for Summary Judgment is GRANTED as to the loss-of-consortium claim and DENIED without prejudice as to the medical expenses and loss of earning capacity claims. Humberto Salas will have until September 26, 2008, to either be substituted into this action, or else explain why his claims should not dismissed.

DONE at Laredo, TX, this 10th day of September, 2008.

George P. Kazen
United States District Judge