O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARTIN VALADEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. L-08-22 |
| | § | |
| UNITED INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

<u>ORDER</u>

Plaintiffs Martin and Elisa Valadez, and Humberto Salas seek money damages against the United Independent School District, its officials, and a peace officer, Ricardo Camarillo. They allege excessive use of force by Camarillo and also protest Salas's subsequent placement in an alternative school setting. Defendants move for summary judgment with respect to Plaintiffs' claims under the Texas Constitution, Article I, Section 9. (Docket No. 30.) Plaintiffs have failed to respond.

Defendants contend the Texas Constitution does not support a claim for damages. With respect to the type of damages claimed in this case, which Plaintiffs themselves describe as a "State Constitutional Tort" (Docket No. 25, ¶ 42), Defendants are correct. Claims seeking damages in tort under the Texas Bill of Rights (Article I) are unavailing because "tort damages are not recoverable for violations of the Texas Constitution."

Daniels v. City of Arlington, Tex., 246 F.3d 500, 507 (5th Cir. 2001), *cert. denied*, 534 U.S. 951 (2001); see also City of Elsa v. M.A.L., 226 S.W.3d 390, 392 (Tex. 2007) (stating that there is no implied private right of action for damages against governmental entities for violations of the Texas Constitution); City of Beaumont v. Bouillion, 896 S.E.2d 143 (Tex. 1995) (noting that "there is no implied private right of action for damages" when an individual alleges a violation under the Texas Bill of Rights).

The motion for summary judgment (Docket No. 30) is GRANTED. Plaintiffs' claim for damages under Article I, Section 9 of the Texas Constitution is DISMISSED.

DONE at Laredo, TX, this 6th day of January, 2009.

George P. Kazen
United States District Judge